## MEEK v. RUFFNER.

To an action of assumpsit by two plaintiffs, the defendant pleaded in abatement that one of the plaintiffs had died since the commencement of the suit. *Held,* that, at common law, the plea was good.

The statute of 1825 changed this law, and authorised the suit to proceed in the name of the survivor, if the cause of action survived, upon a suggestion on record of the other's death.

ERROR to the *Jefferson* Circuit Court.

BLACKFORD, J.—Assumpsit by *Jacob Baymiller* and *Joseph Ruffner,* against *John Meek* and *William H. Hopkins.* Suggestion entered of record, that *Hopkins* was no inhabitant, as returned by the sheriff. Plea in abatement by *Meek,* of the death of *Baymiller,* one of the plaintiffs, since the commencement of the suit. *Ruffner* suggested of record the death of *Baymiller;* and, upon his motion, the defendant was ruled to plead. Plea, non assumpsit. Verdict and judgment for the plaintiff.

By the common law, if one of several plaintiffs died before final judgment, the suit was thereby abated. Ham. on Parties, 225. The statute of 8 & 9 Will. 3. changed that law, and authorised the suit to proceed in the name of the survivor, if the cause of action survived, upon a suggestion on record of the other's death. Ibid. This statute, however, was never in force here. We have

Nov. Term, 1826.

The Governor v. Stribling.

now a similar statute; Stat. 1825, p. 50; but the judgment in this case was prior to the existence of that statute. This cause, therefore, must be governed by the common law, and the defendant had a right to plead the death of *Baymiller* in abatement. The Court, by disregarding that plea and ruling the defendant to plead again, committed an error; and the judgment must be reversed (1).

*Per Curiam.*—The judgment is reversed, and the proceedings subsequent to the rule to plead inclusive are set aside, with costs. Cause remanded, &c.

*Nelson*, for the plaintiff.

*Douglass*, for the defendant.

(1) 2 Will. Saund. 72, i, note. The reason of the common-law rule is, that the plaintiffs, by joining in the suit, assert a *joint* right of recovery, which, as such, is destroyed by the death of either of them. Gould's Pl. 265. Our present statute, which is a copy of the statute of 1825, and substantially the same with the 8 & 9 Will. 3, is as follows:—"If, in any action, there be two or more plaintiffs or defendants, and one or more of them should die, the action shall not be thereby abated, if the cause of such action survive, but such death being suggested upon the record, the action shall proceed at the suit of the surviving plaintiff or plaintiffs against the surviving defendant or defendants." R. C. 1831, p. 410.

The suggestion, when one of the plaintiffs dies pending the suit, is made as follows:— At which day, before our said Court, come here as well the said *Ruffner*, by his said attorney, as the said *Meek*, by his said attorney, and the said *Baymiller* comes not; and the said *Ruffner* hereupon gives the said Court here to understand and be informed, that since the suing out of the original writ in this cause [or, after the last continuance of the plea aforesaid] and before this day, to wit, on, &c. the said *Baymiller* died, and the said *Ruffner* then and there survived him; which the said *Meek* does not deny, but admits the same to be true. And the said *Ruffner*, &c. [proceeding in his name alone.] Arch. Forms, p. 561.